JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Edward Neild

### DEFENDANTS
John Speiser, Badge #7169; PO Anthony Parotti, Badge #4810PO John Does 1-25; PO Jane Does 1-25, City of Philadelphia

(b) County of Residence of First Listed Plaintiff  Philadephia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Lloyd Long, III, Lawrence Krasner, Brian Collins, Krasner & Long, LLC, 1221 Locust St., Philadelphia, PA 19107, 215-731-9500

Attorneys *(If Known)*
Law Department, City of Philadelphia, 1515 Arch St., 14th FL., Philadelphia, PA 19102

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 400 State Reapportionment |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 410 Antitrust |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | [ ] 430 Banks and Banking |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 820 Copyrights | [ ] 450 Commerce |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 830 Patent | [ ] 460 Deportation |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| | | | | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 370 Other Fraud | | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 196 Franchise | / [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| | | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights / **Habeas Corpus:** | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | | |
| [ ] 240 Torts to Land | [ ] 443 Housing/Accommodations / [ ] 530 General | | | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities Employment / [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | | [ ] 462 Naturalization Application | | |
| | [ ] 446 Amer. w/Disabilities Other / **Other:** / [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | / [ ] 550 Civil Rights | | | |
| | [ ] 448 Education / [ ] 555 Prison Condition | | | |
| | / [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC §1983
Brief description of cause:
Police Misconduct and Abuse

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE  Paul Diamond
DOCKET NUMBER  12-5690

DATE  12-8-14
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: %  Krasner & Long, 1221 Locust St. Philadelphia, PA 19107

Address of Defendant: _____

Place of Accident, Incident or Transaction: Philadelphia County, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))      Yes☐   No☒

Does this case involve multidistrict litigation possibilities?      Yes☒   No☐

RELATED CASE, IF ANY:
Case Number: 12-5690      Judge: Paul Diamond      Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☒   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

ARBITRATION CERTIFICATION
*(Check Appropriate Category)*
I, Lloyd Long, III , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 12/08/2014    _____/s/ Lloyd Long III_____    92934
                    Attorney-at-Law                  Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/08/2014    _____N/A_____    92934
                    Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Edward Neild | : | CIVIL ACTION |
| v. | : | |
| John Speiser et al | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ☐

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ☐

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ☐

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ☐

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ☐

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ☑

| | | |
|---|---|---|
| 12/08/2014 | *[signature]* | Edward Neild |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-731-9500 | 215-731-9908 | long@krasnerlong.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EDWARD NEILD**<br><br>**Plaintiff**<br><br>v.<br><br>**FORMER POLICE OFFICER**<br>**JOHN SPEISER (BADGE No. 7169)**<br>**Individually and as a Police Officer**<br>**for the City of Philadelphia;**<br><br>**POLICE OFFICER**<br>**ANTHONY PAROTTI (BADGE No. 4810)**<br>**Individually and as a Police Officer**<br>**for the City of Philadelphia;**<br><br>**POLICE OFFICER JOHN DOES 1-25**<br>**(BADGE Nos. Presently Unknown)**<br>**Individually and as Police Officers**<br>**for the City of Philadelphia;**<br><br>**POLICE OFFICER JANE DOES 1-25**<br>**(BADGE Nos. Presently Unknown)**<br>**Individually and as Police Officers**<br>**for the City of Philadelphia;**<br><br>and<br><br>**CITY OF PHILADELPHIA**<br><br>**Defendants** | **CIVIL ACTION**<br>No. #14-<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

### JURISDICTION

1. Plaintiff brings this action pursuant to 42 United States Code Section 1983. Jurisdiction is based upon 28 United States Code Sections 1331 and 1343 (a) (1), (3), and (4). Plaintiff further invokes supplemental jurisdiction under 28 United

1

States Code Section 1367 (a) to hear and decide claims under state law.

## PARTIES

2. Plaintiff Edward Neild is an adult male who is and was at all material times a resident of Philadelphia, Pennsylvania.

3. Defendant City of Philadelphia is a Municipality of the Commonwealth of Pennsylvania that owns, operates, manages, directs, and controls the City of Philadelphia Police Department, which employed Defendant Police Officers at all times relevant to this action.

4. Those Defendants who are named in the instant complaint were at all times relevant to this action Officers of the City of Philadelphia Police Department. Most, if not all, of these Defendants were members of the Narcotics Strike Force or other units purportedly dealing with the investigation of illegal narcotics. Each is being sued in his/her individual capacity and as a Police Officer for the City of Philadelphia. During the course of the incidents described herein, these Defendants were acting under color of state law.

5. Upon information and belief, Defendant Police Officers John Doe 1-25 and Jane Doe 1-25 were at all times relevant to this action Officers of the City of Philadelphia Police Department, most of whom were members of the Narcotics Strike Force or other units dealing with the purported investigation of illegal narcotics and whose identities are presently unknown but are expected to be determined with reasonable certainty during discovery. Each is being sued in his/her individual capacity and as a Police Officer for the City of Philadelphia. During the course of the incidents described herein, these Defendant Officers

2

were acting under color of state law.

## FACTS

6. On or about July 23, 2009, around 2:00 P.M., Plaintiff Edward Neild parked near a house at 2964 Livingston with the intention of looking at a laptop computer for purchase from his acquaintance, James Jones. Mr. Neild's three-year old daughter was also in the vehicle.

7. On Mr. Neild's arrival, Mr. Jones walked out of his house with the laptop he was selling and passed it to Mr. Neild through the driver-side window.

8. While Mr. Neild was looking at the laptop, four plain-clothes officers rushed up to Mr. Neild's vehicle.

9. One officer stuck his gun through the open front passenger window. It was not until Defendant Speiser yelled, "Police!" and showed his badge through the driver-side window that Mr. Neild realized that he was not being car jacked.

10. One of the officers asked Mr. Neild to get out the his car, at which time he placed a zip tie around one of Mr. Neild's wrists and instructed Mr. Neild to call his daughter's mother to pick up the young girl. The officer secured Mr. Neild's other hand after he made the phone call.

11. Mr. Neild had approximately $1750.00 in cash on his person. Defendants put $953.00 on a property receipt and pocketed the rest.

12. Eventually, after Mr. Neild's daughter left the scene, the officers put Mr. Neild in the back of their unmarked vehicle and transported him to the police district.

13. Though Mr. Neild was never in possession of any illegal substances at any time during the incident, Defendants arrested him and falsely charged him with the

3

following:

   a. Manufacture, Delivery, or Possession With Intent to Deliver A Controlled Substance pursuant to 35 P.S. §780-113;

   b. Conspiracy pursuant to 18 P.S. §903; and

   c. Intentional Possession of a Controlled Substance pursuant to 35 P.S. §780-113.

14. Mr. Neild retained criminal counsel to represent him.

15. The Defendants Speiser, Parotti, and other officers prepared and caused to be prepared police paperwork misrepresenting the events that led to the arrest of the Plaintiff for the incident described in this complaint. Those misrepresentations included, but were not limited to that Defendant Officers witnessed a hand-to-hand drug transaction between Mr. Neild and Mr. Jones.

16. Those Defendants were aware of exculpatory information about the Plaintiff.

17. Those Defendants failed to provide exculpatory information known to them to Plaintiff or his criminal counsel via police paperwork or any other means before trial.

18. The exculpatory information known to police that was not provided to the Plaintiff included the real facts and circumstances of the incident.

19. The Defendants misrepresented the events that led to the arrest and conviction of the Plaintiff. These misrepresentations were intentional, malicious, in bad faith, recklessly indifferent and deliberately indifferent to Plaintiff's rights.

20. On August 28, 2012, at Mr. Neild's preliminary hearing, Defendant Speiser offered false testimony against Mr. Neild, testifying to facts as they were falsely

4

recorded in police paperwork. Those charges were held for court by the Honorable Francis Shields

21. In a letter dated December 3, 2012, the District Attorney of Philadelphia, Seth Williams, announced that in an exercise of "prosecutorial discretion," his office:

   a. would no longer call any of the Defendants as witnesses in narcotics cases;

   b. would no longer approve narcotics cases for charging in which any Defendants were a necessary witness; and

   c. would no longer approve any search or arrest warrants in narcotics cases when any of the Defendants were the affiant.

22. More specifically, the District Attorney of Philadelphia now refuses to prosecute or charge cases or approve any search or arrest warrants in which the following officers are or were involved:

   a. Thomas Liciardello;

   b. Brian Reynolds;

   c. John Speiser;

   d. Michael Spicer;

   e. Perry Betts; and

   f. Lieutenant Robert Otto

   g. Linwood Norman

   h. Jeffrey Walker

23. This decision rested on knowledge that some and/or all of the Defendants in this matter had engaged in conduct raising questions about their integrity and law-abidingness while on duty.

5

24. All charges against Mr. Neild were *nolle prossed* on December 13, 2012.

25. Mr. Neild spent approximately one year in custody due to the false charges.

26. At the time of this incident, and for some years before, law enforcement at the highest levels knew of integrity, corruption, and civil rights violation issues involving some and/or all of the defendant officers. Federal agents and federal prosecutors knew. The current Philadelphia Police Commissioner, his predecessors, and some of his subordinates knew. Former District Attorney Lynn Abraham and some of her subordinates, as well as her successor in office knew. The basis of this knowledge was information from multiple sources including, but not limited to, federal investigations, internal investigations, questions raised by state and federal prosecutors, and other sources.

27. On or about July 30, 2014, federal agents arrested Defendant Speiser after a federal grand jury sitting in the Eastern District of Pennsylvania returned a 26-count indictment against Defendant Speiser and former police officers Linwood Norman, Liciardello, Spicer, Betts, and Reynolds charging that, over the course of approximately seven years, they jointly participated in a Racketeering and Influencing Corrupt Organization conspiracy that included, *inter alia*, charges of deprivation of civil rights, Hobbs Act robbery and extortion, carrying a firearm during and in relation to a crime of violence, possession with intent to distribute narcotics, and falsification of police records.

28. It was not until after the federal indictment was returned that those defendants in the instant matter who were arrested, were suspended with intent to dismiss by the Philadelphia Police Department.

29. As a direct and proximate result of the defendants' actions, Plaintiff Edward Neild was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and, in particular, the right to be free from excessive force, the right to be free from unlawful arrest, the right to be free from unjustified searches, the right to be free from malicious prosecution, and the right to due process of law. Plaintiff was similarly deprived of the right not to be the victim of conspiracies of state actors to violate the aforementioned clearly established rights.

30. The actions and/or inactions of the defendants violated the clearly established federal constitutional rights of the Plaintiffs to freedom from use of excessive, unreasonable, and unjustified force against their person, the right to be free from malicious prosecution, and the right to due process of law.

31. The actions taken by the Defendants in this matter were taken under color of state law. Those actions are not limited to the aforementioned conduct.

32. As a direct and proximate result of the actions and/or inactions of the Defendants in this matter, Plaintiff was evicted from his apartment, suffered loss of liberty, anxiety, fear, mental harm, and other financial loss.

### COUNT I
### 42 U.S.C. § 1983 against Defendants Officers
*Malicious Prosecution*

33. All prior paragraphs are incorporated as though fully set forth herein.

34. Plaintiff was damaged and injured as set forth above under 42 U.S.C. Section 1983 by Defendants in that they, as described in detail in preceding paragraphs,

violated Plaintiffs' constitutional rights while acting under color of law. More specifically, Defendants seized and arrested Plaintiff, and instituted criminal proceedings against Plaintiff without probable cause and with malice. These proceedings terminated in favor of the Plaintiff. Defendants' conduct was the direct and proximate cause of Plaintiff's harm.

## COUNT II

### Supplemental State Law Claim Against Defendant Officers
*Malicious Prosecution*

35. All prior paragraphs are incorporated as though fully set forth herein.

36. Plaintiff was damaged and injured as set forth above by the Defendants in that they instituted criminal proceedings against Plaintiff without probable cause and with malice and where such proceedings were terminated in favor of the Plaintiff.

## COUNT III

### 42 U.S.C. Section 1983 against Defendant City of Philadelphia

37. All prior paragraphs are incorporated as though fully set forth herein.

38. Plaintiff was damaged and injured as set forth above under 42 U.S.C. Section 1983 by Defendants in that they, as described in detail in preceding paragraphs, violated Plaintiff's constitutional rights while acting under color of law. Prior to December 13, 2012, the City of Philadelphia developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Philadelphia, which caused the violation of Plaintiffs' rights.

39. It was the policy and/or custom of the City of Philadelphia to cover-up and avoid detection of improper and illegal police activity, including excessive force,

8

unlawful detention, failure to intervene against other Officers' illegal conduct, false imprisonment, assault and battery, infliction of emotional distress, and malicious prosecution.

40. It was the policy and/or custom of the City of Philadelphia to fail to sufficiently supervise against, train and/or re-train against, and discipline against illegal police activity, including but not limited to excessive force, unlawful detention, failure to intervene against other Officers' illegal conduct, assault and battery, false imprisonment, infliction of emotional distress, and malicious prosecution..

41. There has been a longstanding history, which has been extensively documented since the 1980s, of Philadelphia Police Officers engaging in rampant illegal conduct in narcotics investigations. A non-exhaustive list of such conduct includes:

   a. In the early 1980s, in the "One Squad Scandal," a group of Philadelphia narcotics Officers were convicted of selling drugs that they had stolen from dealers.

   b. During the decade between 1980-1989, a lieutenant and three officers from another drug unit, the "Five Squad," engaged in conduct including the theft of drugs and over $280,000.00 that resulted in federal convictions for, *inter alia*, racketeering.

   c. In or around February 1995, Philadelphia Police Officer John Baird and five other members of the 39th Police District were federally prosecuted and ultimately sentenced for violating the rights of, and stealing money from, over 40 Philadelphians. These Officers planted drugs on innocent individuals,

9

conducted unreported raids, and stole from suspects.

d. In 1997, federal drug convictions were overturned as a result of a 1998 internal affairs finding that narcotics officer John Boucher was a potentially corrupt police officer.

e. In the last five years, numerous narcotics officers -- including, as described *supra*, some and/or all of the Defendant Officers in this matter -- have engaged in conduct causing them to have been removed from the narcotics assignments. In the last five years, as the result of a series of articles by Philadelphia Daily News reporters known as "Tainted Justice," Philadelphia Police Officers Jeffrey Cujdik, Richard Cujdik, Robert McDonnell, Thomas Tolstoy, Joseph Bologna, and Thomas Deabler have all been assigned to either desk duty or non-narcotics related assignments. Those officers engaged in raids of small convenience shops in Philadelphia in which they disabled surveillance systems to hide their conduct, which included theft of cash and groceries. Jeffrey Cujdik routinely alleged criminal behavior in search warrants involving a confidential informant who subsequently denied having provided information or services on many of the cases in which Cujdik affirmed he had.

f. In May of 2013, Philadelphia Police Officer Jeffrey Walker was arrested and charged in the United States District Court for the Eastern District of Pennsylvania for acts including, *inter alia*, "by means of actual or threatened force or violence or fear of injury, immediate and future to the victim's person, and by use of a firearm; and by use of his position as a Philadelphia

Police Officer, did obtain personal property, cash and marijuana unlawfully…" The criminal complaint against Defendant Walker described the flagrant manner in which he unwittingly disclosed to an FBI informant his practiced schemes to rob drug dealers of both drugs and money. He described the manner in which he would confiscate a large portion of a drug dealer's drugs for himself and report only a small portion of what he actually found in the police report. In addition, he described a scam to plant drugs in a drug dealer's car so that he could arrest the drug dealer, take the drug dealer's keys, and then use the dealer's keys to enter the drug dealer's apartment and steal money.

42. It was the policy and/or custom of The City of Philadelphia to inadequately supervise and train its Police Officers, including the Defendant Officers, against a code of silence or "blue code" of Officers refusing to intervene against or provide truthful information against constitutional violations and other unlawful misconduct committed by their fellow Officers.

43. As a result of the above-described policies and customs and/or the lack thereof, Police Officers of the City of Philadelphia, including the Defendant Officers, believed that their actions would not be properly monitored by supervisory Officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

44. As a result of the above actions the Plaintiffs demand judgment against Defendant City of Philadelphia in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as

11

appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. Section 1988.

## DAMAGES

45. All prior paragraphs are incorporated as though fully set forth herein.

46. As a result of the above actions and claims, the Plaintiff demands judgment against all defendants in the amount of all damages, including:

   a. compensatory damages;

   b. punitive damages;

   c. interest;

   d. injunctive relief;

   e. such other relief as appears reasonable and just; and

   f. reasonable attorney fees and costs under 42 U.S.C. § 1988.

_____
Lloyd Long III, Esq.

_____
Lawrence S. Krasner, Esq.

_____
Elizabeth A. Hoffman, Esq.

**KRASNER & LONG, LLC**
**Attorneys for Plaintiffs**
**1221 Locust Street**
**Philadelphia, PA 19107**
**(215) 731-9500 (p)**
**(215) 731-9908 (f)**

Date: 12/8/14